[No. 29388-5-I.   Division One.   April 19, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY HOLT ARMSTRONG, *Appellant.*

---

*John R. Muenster* and *Mestel & Muenster,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

SCHOLFIELD, J. — Harry Armstrong challenges the sufficiency of the information charging him with delivery of cocaine. We affirm.

Armstrong was charged with delivery of cocaine by an information which stated that he "did unlawfully deliver a controlled substance, to-wit: cocaine; proscribed by RCW 69.50.401(a), a felony." Before the jury was sworn, defense counsel told the court that he had a motion to dismiss, but he would not bring the motion until "jeopardy attaches".

After the jury was sworn, defense counsel, prior to opening statements, revealed to the court that his motion was

based on insufficiency of the information for failing to charge knowledge. The prosecutor answered that the information was sufficient because knowledge inhered in the word "unlawful", stating:

> as I recall from the case law on this issue, the use of the word, unlawfully, in the charging language has been held to include the element of knowingly . . . Therefore, the use of the word, unlawfully, would cure any defect of this nature and therefore, there is no reason to dismiss the charge.

The trial court denied Armstrong's motion to dismiss without comment.

Later the same day, the prosecutor moved to amend the information to add the word "knowingly". Defense counsel opposed the motion to amend by reiterating the request to dismiss the charges:

> MR. DICKINSON: . . . Basically, the feeling was there's no reason to create an appellate issue. Whether or not there's any merit to it is another question. But the State would move to amend to add the element, knowingly, pursuant to CrR 2.1(e).
>
> . . . .
>
> THE COURT: Mr. Mestel?
>
> MR. MESTEL: Your Honor, it's somewhat surprising that the State now moves to amend when I pointed out the deficiency and they argued there wasn't any and the Court sustained their argument. My position still is the charging document is defective. The Information is a piece of paper that charges a crime. I don't believe they can amend a defective charging document. I believe they'd have to file a new charging document. So if Mr. Dickinson believes his charging document as pled now is deficient, I would ask the Court to grant my motion to dismiss and let them do whatever they want, but I oppose the amendment.
>
> MR. DICKINSON: If the Court wishes, I can have a new Information typed up adding that word. I think an oral amendment is sufficient. It certainly puts all parties on notice.
>
> MR. MESTEL: Then they would have to declare a mistrial, because the document upon which my client is being tried is fatally defective.
>
> MR. DICKINSON: Amendment is permitted up until verdict or final judgment.
>
> MR. MESTEL: Your Honor, I understand his position. My position is you can't amend something which really doesn't exist and if it doesn't charge a crime, it's not an Information, and you can't amend it to make it an Information.

THE COURT: Well, the State argued that the word, unlawfully, included the necessary intent and I denied the motion [to dismiss] on that basis. So I will deny the motion to amend at this point.

The case proceeded to trial and Armstrong was convicted.

On appeal, Armstrong contends that "unlawfully" is a conclusion of law, and does not mean "knowingly"; therefore, the conviction should be dismissed. The State argues that because Armstrong opposed amending the information, he cannot complain on appeal that it was not amended.

■ All essential elements of a crime, whether statutory or otherwise, must be included in a charging document, "in order to afford notice to an accused of the nature and cause of the accusation against him." *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). The primary goal of a charging document is to give notice to the accused so that he or she can prepare an adequate defense, without having to search for the violated rule or regulations. *Kjorsvik*, at 101-02.

RCW 69.50.401(a) defines the crime charged against Armstrong: "[I]t is unlawful for any person to . . . deliver . . . a controlled substance." The statute does not expressly include an intent requirement.

■ In *State v. Johnson*, 119 Wn.2d 143, 829 P.2d 1078 (1992), the defendants were charged with unlawful delivery of a controlled substance. Before trial or plea, the defendants moved to dismiss, contending the charging documents were defective because they did not specify that the defendants knew the identity of the substances delivered. The court agreed, finding that the term "unlawfully" does not allege the essential element of guilty knowledge.

A bright line rule mandating dismissal of defective informations challenged before trial is workable and not unduly harsh, given the liberal amendment rule and the ease with which prosecutors can discern the elements of most common crimes. In addition, such a rule will guide prosecutors and provide them with an incentive to see to it that the charging document is constitutionally sufficient from the time of filing and beyond.

*Johnson*, at 150 (citing *Kjorsvik*, at 102 n.14). In reversing the convictions, it made no difference to the Supreme Court

that the defendants could not show they were prejudiced. *Johnson*, at 149.

██ Here, the State acknowledges the requirements of *Johnson*, but contends that because the defendant raised an erroneous argument,[1] Armstrong invited error by opposing the State's motion to amend the information. Invited error prohibits a party from "setting up error in the trial court and then complaining of it on appeal." *State v. Young*, 63 Wn. App. 324, 330, 818 P.2d 1375 (1991). At the arraignment hearing before the trial court, Armstrong's counsel stated:

> I don't believe they can amend a defective charging document. . . .
>
>     . . . .
>     . . . My position is you can't amend something which really doesn't exist and if it doesn't charge a crime, it's not an Information, and you can't amend it to make it an Information.

By these remarks, we find that Armstrong invited the error embodied in the trial court's refusal to allow the amendment.

CrR 2.1(e) provides:

> The court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced.

Armstrong could not and did not argue to the trial court that the amendment sought by the State would be prejudicial to him.

CrR 2.1(e) clearly authorizes the amendment sought here. Armstrong argues the rule of invited error should not apply here, as there is no showing the trial court relied upon defense counsel's argument in denying the motion to amend.

The trial court cited no rule nor gave any reasoned explanation for denial of the State's motion to amend by adding the element of knowledge to the information.

---

[1] Defense counsel argued that a defective information cannot be amended. *But see State v. Cook*, 31 Wn. App. 165, 177, 639 P.2d 863 (no double jeopardy where

Defense counsel's action falls squarely within the reasoning of *State v. Lewis*, 15 Wn. App. 172, 548 P.2d 587, *review denied*, 87 Wn.2d 1005 (1976). Lewis complained on appeal of his conviction for third degree assault, claiming, correctly, that on the facts of the case an instruction on third degree assault should not have been given. The Court of Appeals, nevertheless, affirmed the conviction on the ground of invited error. The court observed that counsel, in proposing the instruction on third degree assault, had "employed a tactical maneuver in what then appeared to be the best interest of his client." *Lewis*, at 176. The court then held at page 177:

> We hold, therefore, that when a defendant in the procedural setting of a criminal trial makes a tactical choice in pursuit of some real or hoped for advantage, he may not later urge his own action as a ground for reversing his conviction even though he may have acted to deprive himself of some constitutional right. A criminal defendant is entitled to a fair trial *from the state*, including due process. He is not denied due process *by the state* when such denial results from his own act, nor may the state be required to protect him from himself.

The rule against granting appellate relief to a party for an error he invited in the trial court has a salutary purpose. The error Armstrong now complains of on appeal was invited by Armstrong. No worthy purpose would be advanced by applying the rule of invited error only where the record contains a showing that the trial court's error was actually caused by the invitation of the appellant. Some trial judges make a point of explaining reasons for their rulings, but many do not.

The trial court erred in failing to grant the State's motion to amend. The court's erroneous ruling was urged upon the trial judge by defense counsel. The error being invited, the situation is the same as it would be if the motion to amend had been granted.

---

an amended information corrected a charging statute citation 1 day after the jury was impaneled), *review denied*, 97 Wn.2d 1018 (1982).

436

The judgment is affirmed.

BAKER and AGID, JJ., concur.

Review denied at 122 Wn.2d 1005 (1993).