FILED
COURT OF APPEALS
DIVISION II

2014 JUL 22 AM 10: 23

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44131-4-II |
| Respondent, | |
| v. | |
| DONNA LEE DRECKMAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — A jury convicted Donna Dreckman of forgery. Dreckman appeals, arguing that the jury instruction on her duress defense was erroneous and she received ineffective assistance of counsel. Any alleged error in the jury instruction was invited; therefore, we are precluded from reviewing it. Further, we will not address her claim of ineffective assistance of counsel because it was raised for the first time in her reply brief. We affirm.

## FACTS

The State charged Dreckman with four counts of forgery. Dreckman admitted she forged the checks; however, she claimed that she was forced to do so by her boyfriend. She testified that her boyfriend hit her, threw things at her, and threatened her.

Dreckman requested that the trial court instruct the jury on a duress defense. She proposed the following instruction, which the trial court gave:

Duress is a defense to a criminal charge if:

(a) The defendant participated in the crime under compulsion by another who by threat or use of force created an apprehension in the mind of the defendant that in case of refusal the defendant or another person would be liable to immediate death or immediate grievous bodily injury; and

(b) Such apprehension was reasonable upon the part of the defendant; and

(c) The defendant would not have participated in the crime except for the duress involved.

The defense of duress is not available if the defendant intentionally or recklessly placed herself in a situation in which it was probable that she would be subject to duress.

The burden is on the defendant to prove the defense of duress by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded, considering all the evidence in the case, that it is more probably true than not true.

Clerk's Papers CP at 66. The jury found Dreckman guilty of all four counts of forgery. Dreckman appeals.

## ANALYSIS

### A. JURY INSTRUCTION

Dreckman claims that the trial court erred by giving the duress instruction because it did not instruct the jury that it had the duty to find Dreckman not guilty if she met her burden to prove she acted under duress. But because Dreckman proposed the jury instruction, she is precluded from challenging it on appeal.

The invited error doctrine "prohibits a party from 'setting up error in the trial court and then complaining of it on appeal.'" *State v. Armstrong*, 69 Wn. App. 430, 434, 848 P.2d 1322 (1993) (quoting *State v. Young*, 63 Wn. App. 324, 330, 818 P.2d 1375 (1991)). Under the invited error doctrine, "even where constitutional rights are involved, we are precluded from reviewing jury instructions when the defendant has proposed an instruction or agreed to its wording." *State v. Winings*, 126 Wn. App. 75, 89, 107 P.3d 141 (2005). Here, Dreckman

No. 44131-4-II

proposed the instruction on the duress defense; therefore, any error in the instruction was invited and we are precluded from reviewing it.

B. INEFFECTIVE ASSISTANCE OF COUNSEL

Although Dreckman originally stated that the State proposed the erroneous instruction, she concedes the error was invited in her reply brief. She then argues in her reply brief that she received ineffective assistance of counsel based on trial counsel proposing an erroneous instruction. However, "[a]n issue raised and argued for the first time in a reply brief is too late to warrant consideration." *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (citing *In re Marriage of Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990)). Accordingly, we will not address this issue.

Dreckman invited any error related to the jury instruction on duress. And her claim of ineffective assistance of counsel was raised too late to warrant our consideration. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

LEE, J.

We concur:

MAXA, P.J.

MELNICK, J.

3