**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
OCTOBER 14, 2021

_Gonzáles, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
OCTOBER 14, 2021

_Erin L. Lennon_
ERIN L. LENNON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | No. 99041-7 |
| | ) | |
| v. | ) | |
| | ) | En Banc |
| SAMMY BURRIS WEAVER, | ) | |
| | ) | Filed: October 14, 2021 |
| Petitioner. | ) | |
| | ) | |

OWENS, J. — Sammy Burris Weaver was charged with one count of

residential burglary under RCW 9A.52.025. In the jury instructions, the parties

agreed to include the lesser included offense of criminal trespass in the first degree.

RCW 9A.52.070. At trial, he was found guilty of only the lesser charge of criminal

trespass in the first degree. On appeal, Mr. Weaver alleges that the jury instruction for

knowledge conflicted with the instruction for trespass, relieving the State of its burden

of proving each element of criminal trespass beyond a reasonable doubt.

This case asks the court to determine whether the jury instruction defining the

elements of first degree trespass conflicted with the jury instruction defining

knowledge and whether Mr. Weaver invited the error by proposing the lesser included offense instruction. Here, Mr. Weaver did not invite the error because he did not propose the instruction to which he assigns error—"Instruction No. 14," defining "knowledge." However, we reject Mr. Weaver's claim on the merits because the jury instructions, when read as a whole, correctly state the law and do not relieve the State of its burden to prove each element beyond a reasonable doubt. Therefore, we affirm Mr. Weaver's conviction.

## I. STATEMENT OF FACTS

On August 19, 2017, Mr. Weaver went to a house party. Mr. Weaver's motorcycle had been recently stolen, and he had heard that the thief was at the party. When Mr. Weaver retrieved his motorcycle, the thief pursued him with a gun. Mr. Weaver tried calling the police but realized his phone was dead. He knew people in the neighborhood, so he ran to the home of his friends, Philip Sr. and Philip Jr., not knowing they had moved. Mr. Weaver testified that he visited the home in the past, and at the time he believed his friends still lived there.

When he arrived at approximately three or four in the morning, he noticed the home was empty or in the process of being remodeled. Mr. Weaver thought his friends might be out but would soon return. Mr. Weaver entered the residence and plugged in his phone to charge. He eventually fell asleep and awoke to law enforcement knocking and entering the residence. The State charged Mr. Weaver

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

with one count of residential burglary. This was based on Mr. Weaver's alleged theft

of services for the electricity used by charging his phone. Mr. Weaver testified that he

had visited the home in the past, and although he had not spoken with his friends in at

least nine months, he would not have entered if he knew they no longer lived there.

The parties agreed to instruct the jury on the lesser included offense of criminal

trespass in the first degree. Specifically, the to-convict instruction (Instruction No.

13) provided:

> To convict the defendant of the crime of criminal trespass in the
> first degree, each of the following elements of the crime must be proved
> beyond a reasonable doubt:
>
> (1) That on or about August 19, 2017, the defendant knowingly
> entered or remained in a building;
>
> (2) *That the defendant knew that the entry or remaining was
> unlawful*; and
>
> (3) That this act occurred in the State of Washington.

Clerk's Papers (CP) at 47 (emphasis added). Instruction No. 8 defined "entry or

remaining unlawfully":

> A person enters or remains unlawfully in or upon premises when
> he is not then licensed, invited, or otherwise privileged to so enter or
> remain.

CP at 42. These instructions were supplemented by Instruction No. 14, defining

"knowledge":

> A person knows or acts knowingly or with knowledge with
> respect to a fact, circumstance, or[] result when he is aware of that fact,

3

> circumstance, or result. *It is not necessary that the person know that the fact, circumstance, or result is defined by law as being unlawful or an element of a crime.*

CP at 48 (emphasis added). All instructions, besides Instruction No. 13, were offered by the prosecution.

The jury acquitted Mr. Weaver of residential burglary but convicted him of first degree criminal trespass. Mr. Weaver argues on appeal that the definition of knowledge instruction (Instruction No. 14) contradicted the to-convict instruction for first degree criminal trespass (Instruction No. 13), resulting in the State being relieved of its burden to prove Mr. Weaver subjectively knew his entry into the apartment was unlawful beyond a reasonable doubt. *State v. Weaver*, No. 51734-5-II, slip op. at 6 (Wash. Ct. App. Nov. 5, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2051734-5-II%20Unpublished%20Opinion.pdf. In its initial opinion, Division Two of the Court of Appeals declined to consider Mr. Weaver's arguments regarding the jury instructions, finding that appellate counsel did not argue the issue was reviewable on appeal. Division Two also found that Mr. Weaver was precluded from raising the instructional issue on appeal because trial counsel allegedly invited the error by proposing the to-convict instruction for the lesser included offense of criminal trespass.

Mr. Weaver filed a motion for reconsideration, requesting that Division Two reconsider both bases for declining to review the jury instructions. Division Two

*State v. Weaver*
No. 99041-7

granted the motion in part, deleting the portion of the opinion stating that Mr. Weaver

failed to raise the issue on appeal for the first time under RAP 2.5(a)(3) in his briefing,

but declined to address the argument on the invited error doctrine.

## II. ISSUE PRESENTED

Whether the instruction defining "knowledge" conflicts with the "to-convict"

instruction for criminal trespass, relieving the State of its burden to prove that

Mr. Weaver knew his entry or remaining was unlawful?

## III. ANALYSIS

### A. The Invited Error Doctrine Does Not Apply

We review alleged errors in jury instructions de novo. *State v. Barnes*, 153

Wn.2d 378, 382, 103 P.3d 1219 (2005). However, the Court of Appeals declined to

review this issue based on the invited error doctrine. *Weaver,* No. 51734-5-II, slip op. at

8-9; *State v. Armstrong*, 69 Wn. App. 430, 434, 848 P.2d 1322 (1993) (quoting *State v.*

*Young*, 63 Wn. App. 324, 330, 818 P.2d 1375 (1991)), *review denied*, 122 Wn.2d 1005

(1993). Under this doctrine, "even where constitutional rights are involved, we are

precluded from reviewing jury instructions when the defendant has proposed an

instruction or agreed to its wording." *State v. Winings*, 126 Wn. App. 75, 89, 107 P.3d

141 (2005). Therefore, we must determine whether this doctrine applies.

The invited error doctrine does not apply here because Mr. Weaver did not

propose the challenged jury instruction. As the record reflects, it was the prosecution

5

that "provided proposed jury instructions" to the court and included what the defense proposed, "which would be the lesser included" offense of criminal trespass, Instruction No. 13. Tr. of Proceedings (Mar. 21, 2018) at 6. If Mr. Weaver was assigning error to Instruction No. 13, he would certainly be precluded by the invited error doctrine. Instead, he assigns error to Instruction No. 14, the definitional instruction for "knowledge" that was proposed by the State, thereby rendering the invited error doctrine inapplicable. Because the invited error doctrine does not apply, we proceed to the merits of Mr. Weaver's claim.

B. *The Jury Instructions When Read as a Whole Are Clear*

Jury instructions are foundational in our criminal proceedings. Jury instructions that fail to inform the jury of an element of an offense relieve the State of its burden of proof. Such instructions constitute manifest constitutional error that may be raised for the first time on appeal. RAP 2.5(a)(3); *State v. Stein*, 144 Wn.2d 236, 240-41, 27 P.3d 184 (2001). Accordingly, Mr. Weaver's issue is properly before this court. RAP 2.5(a)(3).

"To satisfy the constitutional demands of a fair trial, the jury instructions, when read as a whole, must correctly tell the jury of the applicable law, not be misleading, and permit the defendant to present his theory of the case." *State v. O'Hara*, 167 Wn.2d 91, 105, 217 P.3d 756 (2009) (citing *State v. Mills*, 154 Wn.2d 1, 7, 109 P.3d 415 (2005)). "The standard for clarity in a jury instruction is higher than for a statute; while we have

been able to resolve ambiguous wording of [statutes] via statutory construction, a jury lacks such interpretive tools and thus requires a manifestly clear instruction." *State v. LeFaber*, 128 Wn.2d 896, 902, 913 P.2d 369 (1996) (citing *State v. Allery*, 101 Wn.2d 591, 595, 682 P.2d 312 (1984)), *abrogated by O'Hara*, 167 Wn.2d 91. As a result, the instructions, when read as a whole, must make the relevant legal standard """"manifestly apparent to the average juror."""" *Id*. at 900 (internal quotation marks omitted) (quoting *Allery*, 101 Wn.2d at 595 (quoting *State v. Painter*, 27 Wn. App. 708, 713, 620 P.2d 1001 (1980), *review denied*, 95 Wn.2d 1008 (1981))). "'In normal usage "manifest" means unmistakable, evident or indisputable, as distinct from obscure, hidden or concealed.'" *State v. Ackerman*, 11 Wn. App. 2d 304, 312-13, 453 P.3d 749 (2019) (quoting *State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 251 (1992) (citing *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974))).

Here, the to-convict instruction required the jury to find that Mr. Weaver "knew that the entry or remaining was unlawful." CP at 47 (Instruction No. 13). This instruction echoes the applicable criminal statute, RCW 9A.52.070: "A person is guilty of criminal trespass in the first degree if he or she *knowingly* enters or remains unlawfully in a building." (Emphasis added.) Criminal trespass is unique in that it requires the prosecution to prove beyond a reasonable doubt that Mr. Weaver subjectively knew he was not allowed to enter the building. This would mean that

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Mr. Weaver must know that the owner of the building would not have permitted him to enter or had made it clear that he was not to enter.

Mr. Weaver argues that the "knowledge" instruction immediately following the to-convict instruction appears to contradict this requirement. It states that "[i]t is not *necessary* that [Mr. Weaver] know that the fact, circumstance, or result is defined by law as being unlawful or an element of a crime." CP at 48 (Instruction No. 14) (emphasis added). He argues that the jury could understand this instruction as saying that it is not necessary that Mr. Weaver know he was not permitted to be in the building.

Instruction No. 14 is intended to explain that ignorance of the law is no excuse. *See* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.02, at 222 (4th ed. 2016) (Knowledge—Knowingly—Definition). Therefore, it is meant to clarify that while it was necessary to demonstrate that Mr. Weaver subjectively knew he was not allowed to be on the property, it is not necessary that Mr. Weaver subjectively knew that his actions constituted a defined crime. If we were to read these two instructions in isolation, there may be an argument that the instructions are unclear. But to do so would disregard the remaining instructions that clarify this element.

Jurors are presumed to follow the court's instruction. *State v. Emery*, 174 Wn.2d 741, 766, 278 P.3d 653 (2012). We presume they "read [instructions] as a whole" to

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Weaver*
No. 99041-7

discern the "relevant legal standard." *LeFaber*, 128 Wn.2d at 900. If we read these jury instructions as a whole, any alleged ambiguity is quickly resolved.

Instruction No. 13 states "[t]hat the defendant knew that the entry or remaining was unlawful." CP at 47. Instruction No. 8 defines this element as "[a] person enters or remains unlawfully in or upon premises when he is not then licensed, invited, or otherwise privileged to so enter or remain." CP at 42. Reading these instructions together, the element would state that the defendant knew that the entry or remaining was unlawful because he knew he was not licensed, invited, or otherwise privileged to so enter or remain.

Instruction No. 14 states, "A person knows or acts knowingly or with knowledge with respect to a fact, circumstance, or[] result when he is aware of that fact, circumstance, or result. It is not necessary that the person know that the fact, circumstance, or result is defined by law as being unlawful or an element of a crime." CP at 48.

Reading Instruction Nos. 8, 13, and 14 together, a person knows or acts knowingly or with knowledge that the entry or remaining was unlawful when they are aware of the fact that they were not licensed, invited, or otherwise privileged to so enter or remain. It is not necessary that the person know that entering or remaining when not licensed, invited, or otherwise privileged is defined by law as being unlawful or an element of a crime. This communicates to the jury that the State was required to prove

*State v. Weaver*
No. 99041-7

that Mr. Weaver was aware of the fact that he was not licensed, invited, or otherwise privileged to enter or remain at the residence. Simultaneously, this communicates to the jury that it is not necessary that Mr. Weaver know that his presence without license, invite, or privilege, is specifically defined in the RCW as an element of criminal trespass.

This case is fundamentally different from those cases Mr. Weaver cites to for erroneous jury instructions. For example, in *State v. Kyllo*, the jury instructions misstated applicable law: "the jury should have been informed . . . that a person is entitled to act in self-defense when he reasonably apprehends that he is about to be *injured*. One is not required to believe he is about to be grievously harmed or killed." 166 Wn.2d 856, 863, 215 P.3d 177 (2009). As a result, the instruction "incorrectly stated that Kyllo had to apprehend a greater degree of harm than is legally required." *Id*. Similarly, in *Ackerman*, the trial court erred in using the term "violent felony" in the instructions for justifiable homicide and then stated that "'[r]obbery is a felony.'" 11 Wn. App. 2d at 313. As a result, this conveyed to the jury that robbery is not the type of felony that is a predicate for justifiable homicide. *Id*. In both of these cases, there was either an additional or omitted term in the instructions that was misleading, resulting in an incorrect statement of law.

Here, however, there was not an additional or omitted term that altered the burden of proof or a misstatement of law. Instead, Mr. Weaver believes that a juror would not

10

be able to discern the difference between "unlawful" and "defined by law as being unlawful." And again, if we are to read those two statements in isolation, these may be confusing. But that would be divorcing them from the specific instructions they are in and the context of the other instructions defining what "entry or remaining was unlawful" means.

Further, Mr. Weaver fails to argue why jurors would completely disregard the other instructions or specifically ignore Instruction No. 8. If there was reason to believe that jurors would disregard Instruction No. 8 or that Instruction No. 8 itself was a misstatement of law, then the argument would be plausible. But we presume jurors follow the court's instruction. *Emery*, 174 Wn.2d at 766. As Instruction No. 1 states, "[The jurors] must apply the law from [the court's] instructions to the facts." CP at 33. "The order of these instructions has no significance as to their relative importance. They are all important. . . . During your deliberations, *you must consider the instructions as a whole*." CP at 35 (Instruction No. 1) (emphasis added). Therefore, these instructions when read as a whole did not relieve the State of its burden of proof.

## IV. Conclusion

We hold that the invited error doctrine does not apply because Mr. Weaver did not propose the purportedly erroneous jury instruction for knowledge, Instruction No. 14, but only the instruction for the lesser included offense. On the merits, we reject Mr. Weaver's claim. Reading Instruction Nos. 13 and 14 in isolation may appear

11

*State v. Weaver*
No. 99041-7

confusing to some jurors, but that is not how jury instructions are read.  We presume that jurors read the entirety of the jury instructions, consider them as a whole, and believe they are all important.  Instruction No. 8 clarifies any possible misunderstanding, and Mr. Weaver has provided no reason for why the jurors would completely disregard this instruction, or all of the remaining instructions, while solely fixating on Instruction No. 14.  Moreover, Instruction No. 14 contains no misstatement of law nor omits an essential element.  As a result, the jury instructions are clear, and we affirm Mr. Weaver's conviction for criminal trespass in the first degree.

_____<br>
Owens, J.

WE CONCUR:

_____  
González, C.J.

_____  
Johnson, J.

_____  
Madsen, J.

_____  
Montoya-Lewis, J.

_____  
Stephens, J.

*State v. Weaver (Sammy Burris)*, No. 99041-7
(Gordon McCloud, J., dissenting)

No. 99041-7

GORDON McCLOUD, J. (dissenting)—Sammy Burris Weaver's jury

received a set of contradictory and confusing jury instructions that failed to make

the relevant law "'manifestly apparent to the average juror.'"[1] The instructions thus

relieved the State of its burden to prove every element of the crime beyond a

reasonable doubt, violating Weaver's right to due process of law. The State has not

shown that this constitutional error was harmless beyond a reasonable doubt, so

Weaver's conviction must be reversed. I therefore respectfully dissent.[2]

    I.    <u>Read together, the jury instructions were contradictory and
unconstitutionally relieved the State of its burden to prove Weaver
knowingly entered or remained unlawfully in a building</u>

Weaver was charged with one count of residential burglary in violation of

RCW 9A.52.025. Clerk's Papers (CP) at 6-7. That burglary charge was based on

the allegation that Weaver entered a house and committed theft of services by

---

[1] *State v. LeFaber*, 128 Wn.2d 896, 900, 913 P.2d 369 (1996) (internal quotation
marks omitted) (quoting *State v. Allery*, 101 Wn.2d 591, 595, 682 P.2d 312 (1984)),
*abrogated on other grounds by State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009).

[2] I agree with the majority's holding that the invited error doctrine does not bar
Weaver's claim. Majority at 6.

1

*State v. Weaver (Sammy Burris)*, No. 99041-7
(Gordon McCloud, J., dissenting)

using a power outlet to charge his phone. *Id.*; Tr. of Proceedings (Mar. 21, 2018)

(TP) at 138-39. Weaver testified that he believed the house belonged to two friends

and that he had previously visited them there. TP at 101, 104, 110. Thus, Weaver's

state of mind—whether he knew that he was unwelcome in the house—was the

key factual issue for the jury.

The parties agreed to instruct the jury on the lesser included offense of

criminal trespass. CP at 45. The jury acquitted Weaver of burglary but convicted

him of first degree criminal trespass. *Id.* at 51, 52.

"The due process clause of the Fourteenth Amendment to the United States

Constitution requires that jury instructions adequately convey to the jury that the

State bears the burden of proving 'every element of the crime charged beyond a

reasonable doubt.'" *State v. Imokawa*, 194 Wn.2d 391, 396, 450 P.3d 159 (2019)

(quoting *State v. Brown*, 147 Wn.2d 330, 339, 58 P.3d 889 (2002)). The due

process clause of the Washington State Constitution provides at least the same

protection. *State v. Bartholomew*, 101 Wn.2d 631, 639-40, 683 P.2d 1079 (1984);

*State v. Van Tuyl,* 132 Wn. App. 750, 758, 133 P.3d 955 (2006) (citing U.S.

CONST. amend. VI; WASH. CONST. art. I, § 22).

As the majority correctly states, jury instructions, "when read as a whole,

must make the relevant legal standard '"manifestly apparent to the average

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Weaver (Sammy Burris)*, No. 99041-7
(Gordon McCloud, J., dissenting)

juror.'''" Majority at 7 (quoting *State v. LeFaber*, 128 Wn.2d 896, 900, 913 P.2d 369 (1996) (internal quotation marks omitted) (quoting *State v. Allery*, 101 Wn.2d 591, 595, 682 P.2d 312 (1984))). The majority also explains that "'[t]he standard for clarity in a jury instruction is higher than for a statute; while we have been able to resolve ambiguous wording of [statutes] via statutory construction, a jury lacks such interpretive tools and thus requires a manifestly clear instruction.'" *Id.* at 6-7 (second alteration in original) (quoting *LeFaber*, 128 Wn.2d at 902). The majority even acknowledges that "'"manifest" means unmistakable, evident or indisputable, as distinct from obscure, hidden or concealed.'" *Id.* at 7 (internal quotation marks omitted) (quoting *State v. Ackerman*, 11 Wn. App. 2d 304, 312-13, 453 P.3d 749 (2019)).

But the majority fails to apply this law.[3] Read together, the jury instructions in this case are the opposite of "manifestly clear." Instead, they are flatly contradictory.

---

[3] In fact, the majority misstates one portion of *LeFaber*'s holding. The majority claims *LeFaber* held that courts presume jurors read all their instructions and thereby determine the proper legal standard. Majority at 8. In fact, *LeFaber* said nothing like that. It *rejected* the notion that we presume jurors read all instructions as a whole, in context, with an eye to resolving ambiguities. 128 Wn.2d at 902-03. In fact, it reversed a first degree manslaughter conviction due to just such ambiguity in a self-defense instruction. *Id.* at 903.

3

*State v. Weaver (Sammy Burris)*, No. 99041-7
(Gordon McCloud, J., dissenting)

Instruction 8 defines unlawful entry or remaining, instructing the jury that "[a] person enters or remains unlawfully in or upon premises when he is not then licensed, invited, or otherwise privileged to so enter or remain." CP at 42.

Instruction 13 tells the jury that to convict Weaver of criminal trespass, the State must prove beyond a reasonable doubt that Weaver knowingly entered or remained in a building and that he "knew that the entry or remaining was unlawful." *Id.* at 47.

So far, so good. Together, these two instructions inform the jury that the State must prove that Weaver knew that his entry into or remaining in the house was without license, invitation, or privilege.

But then, instruction 14 tells the jury that "[i]t is *not necessary* that the person know that [a] fact, circumstance, or result is *defined by law as being unlawful*." *Id.* at 48 (emphasis added). On its face, this contradicts instruction 13's correct statement of the law: that the State must prove Weaver *knew* his entry or remaining was unlawful.[4]

_____

[4] Weaver points out that Division Three of the Court of Appeals found reversible error for the same reason in *State v. Gallegos*, No. 36387-2-III, slip op. at 16 (Wash. Ct. App. 2020) (unpublished), http://www.courts.wa.gov/opinions/pdf/363782_unp.pdf, *review granted on other grounds and remanded*, 197 Wn.2d 1013 (2021). In *Gallegos*, the jury was given instructions identical in relevant respects to instructions 8, 13, and 14 in this case. *See* Clerk's Papers at 28-30 (Wash. Ct. App. No. 36387-2-III (2018)). The court held that the "knowingly" instruction conflicted with the to-convict instruction for criminal trespass and "relieved the State from the duty to prove an element—that

4

*State v. Weaver (Sammy Burris)*, No. 99041-7
(Gordon McCloud, J., dissenting)

The majority's attempt to harmonize these contradictory instructions is not persuasive. It relies on a supposed distinction between the terms "unlawful" and "defined by law as being unlawful." Majority at 10. But in both ordinary and legal usage, these terms are synonyms. Something is not "unlawful" *unless* it is "defined by law" as being so. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2502 (1993) ("unlawful" means "contrary to or prohibited by law"); BLACK'S LAW DICTIONARY 1850 (11th ed. 2019) ("unlawful" means "[n]ot authorized by law").

Even if a theoretical semantic distinction exists between "unlawful" and "defined by law as being unlawful," that distinction doesn't matter here—because instruction 8 *defines* unlawful entry or remaining. Jury instructions provide the law that the jury must apply.[5] Thus, entry or remaining on premises without license, invitation or privilege is "defined by law"—instruction 8—"as being unlawful."

_____

Gallegos subjectively knew he could not be present" on the premises. *Id*. While unpublished, this case still stands as persuasive authority, yet the majority fails to address it at all.

[5] *E.g.*, *Lutheran Day Care v. Snohomish County*, 119 Wn.2d 91, 113, 829 P.2d 746 (1992) (quoting 15 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE, *Judgments* § 380, at 56 (4th ed. 1986) ("'[T]he instructions given to the jury by the trial court, if not objected to, shall be treated as the properly applicable law.'")). Indeed, here, the court correctly instructed the jury: "You must apply the law from my instructions to the facts that you decide have been proved, and in this way decide the case." CP at 33 (instruction 1).

*State v. Weaver (Sammy Burris)*, No. 99041-7
(Gordon McCloud, J., dissenting)

Far from "clarif[ying] any possible misunderstanding," majority at 11, instruction 8 only emphasizes the conflict between instructions 13 and 14.

The fact that the jury instructions were taken from the Washington Pattern Jury Instructions (WPIC) does not save them from challenge. The challenged portion of Instruction 14 appears in brackets in the WPIC. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.02, at 230 (5th ed. 2021). The WPIC "Note on Use" explains that bracketed material should be used "as applicable." *Id.* Because the inclusion of the bracketed material in this context produced a set of contradictory jury instructions, the bracketed material was not applicable here.

Even giving these instructions the most generous reading possible, they are, at minimum, confusing and ambiguous. That is not sufficient to satisfy the state or United States constitutions: if jury instructions read as a whole are ambiguous, "the reviewing court cannot conclude that the jury followed the constitutional rather than the unconstitutional interpretation." *State v. McLoyd*, 87 Wn. App. 66, 71, 939 P.2d 1255 (1997) (citing *Sandstrom v. Montana,* 442 U.S. 510, 526, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)), *aff'd sub nom. State v. Studd*, 137 Wn.2d 533, 973 P.2d 1049 (1999); *see also LeFaber*, 128 Wn.2d at 900-01.

6

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

The contradictory instructions are far from "manifestly clear." Instead, they relieved the State of its burden to prove the element of criminal trespass that Weaver "*knowingly* enter[ed] or remain[ed] unlawfully in a building." RCW 9A.52.070 (emphasis added). Read together, these instructions could have led the jury to convict Weaver even if it believed that he did not know his entry or remaining was unlawful. This violated Weaver's due process rights.

II.     Reversal is required because the State has not shown that the constitutional error was harmless beyond a reasonable doubt

Constitutional error is harmless if it "'appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Brown*, 147 Wn.2d at 341 (internal quotation marks omitted) (quoting *Neder v. United States*, 527 U.S. 1, 15, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)). If an element is omitted from or misstated in a jury instruction, "the error is harmless if that element is supported by uncontroverted evidence." *Id.* (citing *Neder*, 527 U.S. at 18).

The evidence about Weaver's knowledge was far from uncontroverted.  In fact, whether Weaver subjectively knew that he did not have permission to be in the house was the key issue in controversy in this case. Weaver's defense at trial was that he believed his friends lived in the house and that he was permitted to be there. TP at 101, 104, 110. He testified that "as far as I know, I knew the people

7

*State v. Weaver (Sammy Burris)*, No. 99041-7
(Gordon McCloud, J., dissenting)

that lived there. I assumed they still lived there. Otherwise . . . I would not have entered it." *Id.* at 104. Because we cannot say beyond a reasonable doubt that the challenged portion of instruction 14 did not contribute to the jury's guilty verdict, the conviction should be reversed. *Brown*, 147 Wn.2d at 343.

I respectfully dissent.

_____
Gordon McCloud, J.

_____
Yu, J.

_____
Whitener, J.