# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Appellant,

v.

JASON TAYLOR SIDELL,

Respondent.

DIVISION ONE

No. 82290-0-I

UNPUBLISHED OPINION

DWYER, J. — Jason Sidell appeals from a conviction of felony harassment following a bench trial. Sidell contends that (1) the evidence adduced at trial was insufficient to prove that his words constituted a true threat and (2) the First Amendment requires that the State prove Sidell's subjective intent. As neither contention is meritorious, we affirm.

I

Jason Sidell owned a five bedroom home in Snohomish. Jay Oliver rented a room from Sidell between April and October 2020. During the summer, Oliver and Sidell had a conflict regarding Oliver's pet dog, during which Sidell yelled at Oliver and called him names. Sidell also began having frequent "tantrums," during which he would throw objects in his bedroom, causing the house to shake.

On August 23, 2020, Oliver heard Sidell having a "tantrum." Oliver went into the garage and where Sidell was located. Sidell informed Oliver that Oliver's

boxes should be removed from the garage. Oliver responded that he had not understood a previous text message concerning when the boxes were expected to be removed. In response, Sidell became angry, pointed at Oliver, and yelled that he had a 9-millimeter gun and would shoot Oliver in the head. Sidell then left the garage and went toward his room. Oliver, concerned for his safety, went to his own bedroom, locked the door, and telephoned the police. A teenager who lived across the street overheard the discussion and, concerned about what she had heard, telephoned her mother to get advice about what to do. Before the neighbor and her mother could take any action, police officers arrived.

Eventually, Sidell was charged with one count of felony harassment with a domestic violence enhancement. Sidell was convicted as charged, following a bench trial.

Sidell appeals.

II

Sidell first contends that a constitutionally insufficient quantum of evidence supported Sidell's conviction. This is so, he argues, because "there was no evidence that a true threat was uttered."[1] As sufficient evidence was adduced at trial, his claim fails.

A

The due process clauses of the federal and state constitutions require that the government prove every element of a crime beyond a reasonable doubt.

---

[1] Br. of Appellant at 6.

Apprendi v. New Jersey, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (citing U.S. CONST. amend. XIV, § 1); State v. Johnson, 188 Wn.2d 742, 750, 399 P.3d 507 (2017) (citing WASH. CONST. art. I, § 3). After a verdict, the relevant question when reviewing a challenge to the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).[2] "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." State v. Partin, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977).

The criminal harassment statute provides:

(1) A person is guilty of harassment if:
        (a) Without lawful authority, the person knowingly threatens:
        (i) To cause bodily injury immediately or in the future to the  person threatened or to any other person; . . .
        . . . [and]
        (b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out. . . .
        . . . .
        [(2)](b) A person who harasses another is guilty of a class C felony if any of the following apply: . . . (ii) the person harasses another person under subsection (1)(a)(i) of this

---

[2] The State's briefing asserts that a different standard of review applies to bench trials, citing State v. Homan, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). At oral argument, the State conceded that, in a criminal case, the same standard of review applies to bench trials and jury trials. Language in Homan that appears to state otherwise is imprecise dicta. See State v. Stewart, 12 Wn. App. 2d 236, 246-48, 457 P.3d 1213 (2020) (Dwyer, J., concurring).

> section by threatening to kill the person threatened or any
> other person.

RCW 9A.46.020.

The State charged Sidell with one count of felony harassment with a domestic violence enhancement, alleging that Sidell

> on or about the 23rd day of August, 2020, without lawful authority, knowingly threatened to kill another, and by words or conduct placed the person threatened in reasonable fear that the threat would be carried out; proscribed by RCW 9A.46.020(1) and (2)(b)(ii), a felony; and the victim was a family or household member as defined in RCW 26.50.010(6).

Because the harassment statute criminalizes a form of pure speech—threats—it must be "'interpreted with the commands of the First Amendment clearly in mind.'" State v. Williams, 144 Wn.2d 197, 207, 26 P.3d 890 (2001) (quoting Watts v. United States, 394, U.S. 705, 707, 89 S. Ct. 1399, 22 L. Ed. 2d 664 (1969)). Accordingly, the harassment statute is construed as limited to criminalizing true threats, which are not protected by the First Amendment. State v. Allen, 176 Wn.2d 611, 628, 294 P.3d 679 (2013). Our Supreme Court has adopted a definition of "true threat."

> "A 'true threat' is a statement made 'in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted . . . as a serious expression of intention to inflict bodily harm upon or to take the life of [another individual].'" State v. Knowles, 91 Wn. App. 367, 373, 957 P.2d 797 (1998) (alteration[s] in original) (quoting United States v. Khorrami, 895 F.2d 1186, 1192 (7th Cir. 1990)).

Williams, 144 Wn.2d at 207-08.

4

The true threat requirement is not an essential element of the felony harassment statute—rather, the constitutional requirement of a true threat "defines and limits the scope" of the essential element of a threat. Allen, 176 Wn.2d at 630.

Herein, Oliver testified that during a conflict about storage boxes in the garage area of the home, Sidell began "really, really started yelling at [Oliver] [and] pointing his finger at [Oliver]." Oliver testified while pointing at him, Sidell yelled "something to the effect of, 'You shouldn't even be talking. I don't fuck around. I'll put a fucking bullet in your head. I've got a fucking 9-millimeter. I'll shoot you right in the fucking head.'" Oliver recalled that Sidell's facial expression appeared "extremely angry." Sidell then exited the garage. Oliver believed "[t]hat [Sidell] was getting his 9-milimeter gun to shoot [Oliver] in the head." Furthermore, a teenaged neighbor, who overheard the interaction, described Sidell's tone as serious and, indeed, took it seriously, calling her mother for guidance as to what to do.

From this evidence, a rational finder of fact could determine that a reasonable speaker in Sidell's position would foresee that his statements would be interpreted by Oliver as a serious expression of intention to inflict bodily harm or to kill Oliver. The evidentiary sufficiency claim fails.

5

B

Sidell asserts that the State failed to prove that his statements were a true threat, rather than a "transient tantrum[,]"[3] because the trial court did not make a specific factual finding that his statements constituted a true threat. We disagree.

As we have explained, our review of whether constitutionally sufficient quantum of evidence supported Sidell's convictions is not determined by what the specific fact finder at trial actually found. Rather, the constitutional standard of review is whether *any* rational finder of fact could have determined that Sidell's statement was a threat (meaning a true threat). Moreover, here, the trial court implicitly found that Sidell made a true threat when it found that Sidell "knowingly threatened to kill Jay Oliver." Finding of Fact A.

Again, the true threat requirement imposed by the First Amendment is not an essential element of the harassment statute. Allen, 176 Wn.2d at 628. Rather, it functions as part of the definition of the essential element of "threat." State v. Schaler, 169 Wn.2d 274, 287-88 n.5, 236 P.3d 858 (2010). In a jury trial, the true threat requirement is not required to appear in the to-convict instruction, so long as the definitional instruction defines a threat as a true threat. Allen, 176 Wn.2d at 630. Indeed, the pattern jury instruction which defines "threat" includes the following language:

> To be a threat, a statement or act must occur in a context or under such circumstances where a reasonable person, in the position of the speaker, would foresee that the statement or act would be interpreted as a serious expression of intention to carry out the

---

[3] Br. of Appellant at 7.

6

threat rather than as something said in [jest or idle talk] [jest, idle talk, or political argument].

11 WASHINGTON PRACTICE PATTERN JURY INSTRUCTIONS: CRIMINAL 2.24 (5th Ed 2021).

Jurors are presumed to follow the court's instructions. State v. Weaver, 198 Wn.2d 459, 467, 496 P.3d 1183 (2021). Accordingly, to convict a defendant, the jury must necessarily conclude that the defendant has made a true threat, because the definitional instruction defines "threat" as a "true threat," and the threat element is an essential element which must appear in the to-convict instruction. See Schaler, 169 Wn.2d at 288 n.5 ("Cases employing the new instruction defining 'threat' will therefore incorporate the constitutional mens rea as to the result.").

Following a bench trial, a trial court must enter findings of fact and conclusions of law. CrR 6.1(d). As with a to-convict instruction in a jury trial, these findings must address each element of the crime and, to convict, must state that every element has been proved. State v. Banks, 149 Wn.2d 38, 43, 65 P.3d 1198 (2003). Jury instructions are not required in bench trials. In re Pers. Restraint of Heidari, 159 Wn. App. 601, 609, 248 P.3d 550 (2011). Rather, trial judges are presumed to know the law. See Oltman v. Holland Am. Line USA, Inc., 163 Wn.2d 236, 248, 178 P.3d 981 (2008) (trial courts are presumed to know other trial court's rulings are not precedential); State v. Read, 147 Wn.2d 238, 242, 53 P.3d 26 (2002) (in bench trials, judges are presumed to know and follow the law and thus not consider inadmissible evidence); State v. Cantu, 156 Wn.2d 819, 834, 132 P.3d 725 (2006) (Johnson, J., dissenting) ("Judges are

7

presumed to know and apply the law, just as there is a presumption that a trial judge knows the rules of evidence.").

Accordingly, when the trial court found that the threat element had been satisfied, it necessarily found that Sidell made a true threat, because the definition of "threat" is limited to true threats.[4]

III

Sidell next asserts that the First Amendment requires a reversal of his conviction. This is so, according to Sidell, because the objective test used in Washington for determining whether a threat is a true threat—whether a reasonable person in the speaker's position would foresee that the threat would be interpreted as a serious expression of intention to inflict the harm threatened, regardless of the speaker's subjective intent—is inadequate because "the First Amendment requires proof of a higher mental state than the reasonable person standard to criminalize speech as a true threat."[5]

Our Supreme Court has rejected this argument and affirmed the use of the objective test. State v. Trey M., 186 Wn.2d 884, 893, 383 P.3d 474 (2016). We are bound by decisions of the Supreme Court. State v. Gore, 101 Wn.2d 481, 487, 681 P.2d 227 (1984). Accordingly, Sidell is not entitled to relief on this claim.

---

[4] Sidell does not contend that any portion of his speech was protected speech that should not have been considered in determining whether he committed the offense. Compare State v. E.J.J., 183 Wn.2d 497, 503-04, 354 P.3d 815 (2015). Nor is there any evidence in the record suggesting that the intended audience of the statements was someone other than Oliver. Compare State v. Kohonen, 192 Wn. App. 567, 583, 370 P.3d 16 (2016). Rather, Sidell denied making the statements at issue.

[5] Br. of Appellant at 11.

Affirmed.

_____ Dwyer, J.

WE CONCUR:

_____ Andrus, C.J.        _____ Verellen, J.